IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA
CIVIL ACTION

| | |
|---|---|
| KATHLEEN T. SMITH, Individually and as Executrix for the Estate of Richard G. Smith, Deceased<br>9 Gooseneck Road<br>Levittown, PA 19057<br><br>Plaintiff<br><br>vs.<br><br>INGRAM MICRO, INC.<br>1600 E. St. Andrew Place<br>Santa Ana, CA 92705<br><br>Defendant | NO. 02-6000<br><br>ELECTRONICALLY FILED<br><br><br><br><br><br><br><br><br><br>TRIAL BY JURY<br>OF TWELVE DEMANDED |

## **COMPLAINT**

### Parties

1. Plaintiff, KATHLEEN T. SMITH, is an adult individual residing at 9 Gooseneck Road, Levittown, Bucks County, Pennsylvania.

2. Plaintiff, KATHLEEN T. SMITH, is the surviving spouse and duly appointed Executrix for the Estate of Richard G. Smith, Deceased, having been granted Letters Testamentary by the Register of Wills of Bucks County on March 6, 2015, following the death of Richard G. Smith on February 17, 2015.

3.  Defendant, INGRAM MICRO, INC., is a corporation organized and incorporated in the State of Delaware with corporate offices located at 1600 E. St. Andrew Place, Santa Ana, California.

### Nature of the Case

4.  Plaintiff brings this action for monetary damages on account of injuries sustained by decedent, RICHARD G. SMITH, resulting in death arising out of a slip and fall incident which occurred on February 17, 2015 in Union Township, Lebanon County, Pennsylvania.

### Jurisdiction and Venue

5.  Jurisdiction is invoked pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship, and the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332.

6.  Venue is properly within the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391 since the subject slip and fall incident occurred within the United States District Court for the Middle District of Pennsylvania.

## COUNT I - NEGLIGENCE

### KATHLEEN T. SMITH, Individually and as Executrix for the Estate of Richard G. Smith, Deceased vs. Ingram Micro, Inc.

Factual Background

7. Plaintiffs incorporate by reference paragraphs 1 through 6, supra, as fully as though the same were set forth herein at length.

8. At all times relevant hereto, defendant was acting through their agents, servants, and/or employees who were acting within the course and scope of their employment and/or agency relationship.

9. At all times relevant hereto, defendant was the owner of a warehouse and distribution center and the premises thereon located at 80 Micro Drive, Jonestown, Pennsylvania, hereinafter "PREMISES".

10. At all times relevant hereto, defendant was responsible for the care, custody, maintenance, safety and control of the PREMISES.

11. At all times relevant herein, defendant permitted a dangerous condition to exist on the PREMISES due to an accumulation of snow and ice formed by natural and unnatural conditions which defendant failed to correct and/or eliminate.

12.  According to surveillance provided by defendant and other investigation data documented in the Pennsylvania State Police Report:

    (a)  On February 17, 2015, at approximately 6:39 a.m., Richard G. Smith, decedent herein, arrived at the PREMISES driving a tractor trailer which he backed up to loading dock W30.

    (b)  Approximately 9 minutes later, 6:48 a.m., Mr. Smith signed in with Julie Irene Witmer, the driver's lounge receptionist, and then drove his tractor trailer around back to be unloaded.

    (c)  Approximately 2 minutes later, 6:50 a.m., Mr. Smith repositioned his trailer into loading dock W30.

    (d)  Approximately 46 minutes later, 7:36 a.m., Mr. Smith exited the cab of his tractor trailer and walked to the driver's side rear of the trailer for a short time before returning to the cab.

    (e)  Approximately 26 minutes later, 8:00 a.m., Mr. Smith exited the cab of his tractor trailer again and walked around the front of his truck towards the passenger side rear of the trailer.

    (g)    Approximately 14 minutes later, 8:14 a.m., Richard G. Smith was observed by Charles Frederick Pierce III lying on his back in front of loading dock W31, unresponsive, with shallow breathing and bleeding from the back of his head and both ears.

13.    As a result of his injuries, Richard G. Smith was transported by ambulance to Good Samaritan Hospital where he was pronounced dead by Dr. Scott Levit the same morning at 10:02 a.m.

14.    At all times relevant hereto, and especially on February 17, 2015, decedent Richard G. Smith was a business invitee of defendant.

15.    The Pennsylvania State Police performed a comprehensive investigation of this incident and documented the following physical evidence at the scene:

> "The physical evidence at the scene consisted of a large patch of ice that was partially covered by a fresh coat of snow... The ice was several inches thick and uneven. The ice buildup appeared to be from a drain pipe located on the north side of loading dock W31 and ran from the roof to the ground. The ice buildup started at the base of the wall and extended west approx. four to six feet. At the base of the wall, located directly in the middle of the loading dock was a large metal trailer lock. Approximately two feet south of the trailer lock and approximately two feet west of the wall was a small crater filled with human blood from the victim. The crater was formed as a result of the victim's final resting position. The victim was lying unresponsive on the ice for approximately 14 minutes. The victim's body temperature, blood, and length of time he was lying unresponsive caused the ice to melt and form a crater around the back of his head."

16. Based upon their comprehensive investigation, the Pennsylvania State Police arrived at the following conclusions:

> "... the victim most likely slipped on a thick layer of ice that formulated at the base of loading dock W31 and struck his head on either the ice itself or the trailer lock that was attached to the middle of the loading dock. The ice was covered by a fresh coat of snow that fell throughout the early morning hours of 02/17/15 and according to PIERCE made it 'impossible to see.'"

17. It was the duty of the defendant to keep and maintain the PREMISES in a reasonably safe condition for the decedent and the general public.

18. The aforesaid occurrence was due entirely to the negligence, carelessness and/or recklessness of defendant, its servants, agents and/or employees, acting within the course and scope of their employment.

19. The negligence, carelessness and/or recklessness of defendant consisted of one or more of the following actions or omissions of defendant:

    (a) Failing to use reasonable care in the maintenance and use of the PREMISES;

    (b) Failing to protect invitees from foreseeable harm existing on the PREMISES;

    (c) Failing to inspect the PREMISES to discover dangerous conditions;

    (d) Failing to use reasonable care in discovering a condition which involved an unreasonable risk of harm to persons coming onto the PREMISES;

    (e)    Failing to protect persons who come onto the PREMISES who will not reasonably discover or realize the danger;

    (f)    Failing to use reasonable care to make the PREMISES as safe as it appears to be;

    (g)    Failing to otherwise use reasonable care to make the PREMISES safe;

    (h)    Failing to warn of the dangerous condition of the PREMISES;

    (I)    Failing to make reasonable inspections of the PREMISES so as to correct conditions unreasonably dangerous to others which would be discovered by the exercise of reasonable care and which could be made reasonably safe by repair or otherwise;

    (j)    Failing to control and/or supervise persons hired by defendant to perform maintenance at the PREMISES; and

    (k)    Otherwise failing to use reasonable care under the circumstances.

WHEREFORE, plaintiff, Kathleen T. Smith, Individually and as Executrix for the Estate of Richard G. Smith, Deceased, demands judgment against the defendant, Ingram Micro, Inc., in an amount in excess of $150,000.00 in compensatory damages, delay damages, court costs and other items of recovery as permitted by Law.

**COUNT II - WRONGFUL DEATH PURSUANT TO 42 PA. C.S. §8301**

**KATHLEEN T. SMITH, Individually and as Executrix
for the Estate of Richard G. Smith, Deceased vs. Ingram Micro, Inc.**

20. Plaintiffs incorporate by reference paragraphs 1 through 19, supra, as fully as though the same were set forth herein at length.

21. Richard G. Smith left surviving him the following individuals entitled to recover damages by virtue of his death and on whose behalf this action is now brought, pursuant to 42 Pa. C.S. §8301, et seq:

       (a)    Kathleen T. Smith, spouse;

       (b)    Michael R. Smith, son;

       (c)    Kathleen A. Smith, daughter;

       (d)    Janette Smith, mother; and

       (e)    Arthur Smith, father.

22. By reason of Richard G. Smith's death, his wife, children and parents have suffered pecuniary losses including: administrator's expenses, support provided by the decedent, services provided by the decedent, guidance and tutelage provided by the decedent, as well as any other recoverable item of damage permitted by the Wrongful Death Act.

23. Richard G. Smith did not bring an action for damages arising from the incident herein described during his lifetime.

24. No other action arising from Richard G. Smith's injuries, suffering or death has been commenced against the defendant herein in this or any other Court, with the exception of a Writ of Summons which was filed in the Court of Common Pleas of Lebanon County on April 6, 2015 for the purpose of issuing a Subpoena required by the Pennsylvania State Police to release their investigative report. Thereafter, a Praecipe to Discontinue Without Prejudice was filed in the Lebanon County action on June 30, 2015.

WHEREFORE, plaintiff, Kathleen T. Smith, Individually and as Executrix for the Estate of Richard G. Smith, Deceased, demands judgment against the defendant, Ingram Micro, Inc., in an amount in excess of $150,000.00 in compensatory damages, delay damages, court costs and other items of recovery as permitted by Law.

### COUNT III - SURVIVAL ACTION PURSUANT TO 20 PA. C.S. §3373

**KATHLEEN T. SMITH, Individually and as Executrix
for the Estate of Richard G. Smith, Deceased vs. Ingram Micro, Inc.**

25. Plaintiff incorporates by reference paragraphs 1 through 24, supra, as fully as though the same were set forth herein at length.

26. Plaintiff brings this action on behalf of Richard G. Smith's wife, children and parents under and by virtue of the Probate, Estate and Fiduciaries Code, 20 Pa. C.S. §3373, and claims thereby damages suffered as a result of Richard G. Smith's injuries and death, including damages for conscious pain and suffering and like losses Richard G. Smith's suffered before his death.

27.     Plaintiff further claims such losses sustained by the Estate of Richard G. Smith resulting from his death not otherwise duplicated by any recovery under the wrongful death action, including, loss of earnings, pain and suffering, loss of life's pleasures, and any other item of damage permitted under existing Law.

WHEREFORE, plaintiff, Kathleen T. Smith, Individually and as Executrix for the Estate of Richard G. Smith, Deceased, demands judgment against the defendant, Ingram Micro, Inc., in an amount in excess of $150,000.00 in compensatory damages, and delay damages, court costs and other items of recovery as permitted by Law.

s/ Christopher J. Brill
CHRISTOPHER J. BRILL, ESQ.
Attorney for Plaintiff
301 South State Street, Suite N105
Newtown, PA  18940
Tel. (215) 860-2500
Fax (215) 860-6863
Email brill_law@verizon.net
I.D. No. PA27535