IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KATHLEEN T. SMITH, Individually and as Executrix of the Estate of Richard G. Smith, Deceased,**<br><br>          **Plaintiff**<br><br>     v.<br><br>**INGRAM MICRO, INC.**<br><br>          **Defendant/Counter-claim Defendant**<br><br>     v.<br><br>**BRYAN B. SCHOENER d/b/a BRYAN B. SCHOENER CONSTRUCTION,**<br><br>          **Third Party Defendant/Counter-claim Plaintiff**<br><br>     v.<br><br>**MERIT SERVICE SOLUTIONS**<br><br>          **Fourth Party Defendant/Counter-claim Defendant** | **Civil No. 1:15-CV-1301**<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**Judge Sylvia H. Rambo** |

# M E M O R A N D U M

In this wrongful death action, Plaintiff brings claims on behalf of the estate of her deceased husband arising out of a slip and fall accident. Plaintiff alleges that the owner of a warehouse and the companies it hired to remove snow and ice from the premises were negligent and reckless in failing to remove the dangerous patch of ice on which her husband slipped and fell, resulting in blunt head trauma, and, ultimately, his death. Presently before the court is Defendant Ingram Micro, Inc.'s motion to dismiss (Doc. 26) Plaintiff's allegations of reckless

conduct from the amended complaint, or for a more definite statement. (Doc. 26.) For the reasons stated herein, the motion will be denied.

I. **Background**

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Thus, for purposes of the motion *sub judice*, the court only considers the allegations contained in the complaint (Doc. 3-2), and will accept as true all well-pleaded factual allegations contained therein. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998) (citing *Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

A. **Facts**

Plaintiff's deceased husband, Richard G. Smith ("Smith"), was a tractor trailer operator by trade. On the snowy morning of February 17, 2015, Smith arrived at the Jonestown, Pennsylvania warehouse and distribution center of Defendant Ingram Micro, Inc. ("Ingram Micro"), one of the world's largest wholesale technology products distributors, to deliver a tractor trailer load. (Doc. 19, ¶¶ 10, 13a.)

Ingram Micro was under contract at the time with Third Party Defendant Bryan B. Schoener, who does business as Bryan B. Schoener Construction ("Schoener"), and Fourth Party Defendant Merit Service Solutions ("Merit Service" and, collectively with Ingram Micro and Schoener, "Defendants") for snow and ice removal services at its Jonestown location. (*Id*. at ¶¶ 22-23.) Pursuant to the contract, Schoener and Merit Service were responsible for

immediately de-icing any groundcover of ice and plowing snow once it reached a depth of one inch. (*Id*. at ¶ 23a.)

Smith signed in with the driver's lounge receptionist, Julie Witmer, who directed him to pull his tractor trailer around to a loading dock at the rear of the warehouse for the trailer to be unloaded. (*Id*. at ¶¶ 13b, 24a.) Surveillance videos show that, approximately one hour later, Smith exited the cab of his tractor trailer and walked around the front of the truck to the passenger side. (*Id*. at ¶¶ 13d-e.) A few minutes later, Smith was found lying unresponsive on his back in front of the adjacent loading dock, breathing shallowly and bleeding from the back of his head and both ears. (*Id*. at ¶ 13g.) Smith was transported to Good Samaritan Hospital and pronounced dead less than two hours later as a result of his injuries, and an autopsy revealed that the cause of death was accidental blunt force trauma to the head. (*Id*. at ¶¶ 14-15.)

The Pennsylvania State Police performed a comprehensive investigation of the incident, and documented that there was "a large patch of ice that was partially covered by a fresh coat of snow . . . [that] was several inches thick and uneven," and "appeared to be from a drain pipe located on the north side of [the adjacent] loading dock."[1] (*Id*. at ¶ 17.) Based on the evidence at the scene, the Pennsylvania State Police concluded as follows:

> [T]he victim most likely slipped on a thick layer of ice that formulated at the base of [the adjacent] loading dock [] and struck his head on either the ice itself or the trailer lock that was attached to the middle of the loading dock. The ice was covered by a fresh coat of snow that fell

---

[1] The complaint appears to quote a report generated by the PSP after its investigation of Smith's death, but Plaintiff has neither attached a report or directly cited to one. For purposes of the instant motion, however, the court will nonetheless accept the factual allegations as true.

>>throughout the early morning hours of 02/17/15 and . . . made it 'impossible to see.'

(*Id*. at ¶ 18.)

### B. Procedural History

Smith's wife, Kathleen T. Smith ("Plaintiff"), initiated this action sounding in negligence by filing a complaint on July 1, 2015, pursuant to Pennsylvania's Wrongful Death Act, 42 Pa. Cons. Stat. § 8301, and the Probate, Estate and Fiduciaries Code, 20 Pa. Cons. Stat. § 3373. (*See* Doc. 1.) Ingram Micro joined Schoener in the action by filing a third party complaint on September 3, 2015 (Doc. 17), and Plaintiff filed an amended complaint on September 9, 2015 (Doc. 19). In her amended complaint, Plaintiff claims that Defendants' negligent and reckless conduct wrongfully caused her husband's death. (*Id*. at ¶¶ 22, 24.) Ingram Micro filed the instant motion to dismiss the allegations of reckless conduct, or for a more definite statement, as well as a brief in support thereof, on October 5, 2015. (Docs. 25 & 26.) Schoener subsequently filed a fourth party complaint to join Merit Service to this action on October 30, 2015. (Doc. 30.)

Plaintiff filed its opposition to Ingram Micro's motion to dismiss or for a more definite statement on October 7, 2015 (Doc. 28), and the time for Ingram Micro's reply has lapsed. Thus, this matter is ripe for consideration.

## II. Legal Standard

Ingram Micro's motion challenges Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e). A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a), which requires that a complaint contain a short and plain statement of the claim

4

showing that the pleader is entitled to relief "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S 41, 47 (1957)). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Thus, when adjudicating a motion to dismiss for failure to state a claim, the court must view all of the allegations and facts in the complaint in the light most favorable to the plaintiff, and must grant the plaintiff the benefit of all reasonable inferences that can be derived therefrom. *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (quoting *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)). However, the court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. *See Reuben v. U.S. Airways, Inc.*, 500 F. App'x 103, 104 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (stating that district courts "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions").

Ultimately, the court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Iqbal*, 556 U.S. at 679; *see also Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The "plausibility standard" requires "more than a sheer possibility" that a defendant is liable for the alleged misconduct. *Reuben*, 500 F. App'x at 104 (citing *Iqbal*, 556 U.S. at 678). Rather,

5

the complaint must show the plaintiff's entitlement to relief with its facts. *Steedley v. McBride*, 446 F. App'x 424, 425 (3d Cir. 2011) (citing *Fowler*, 578 F.3d at 211). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alterations in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

To evaluate whether allegations in a complaint survive a Rule 12(b)(6) motion, the district court must initially "tak[e] note of the elements a plaintiff must plead to state a claim." *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (alteration in original) (citation omitted). Next, the court should identify allegations that "are no more than conclusions" and thus, "not entitled to the assumption of truth." *Id.* Lastly, "where there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.*

A complaint "may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citing *Twombly*, 550 U.S. at 588 n.8). Rule 8 "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element[s]." *Id.* at 234 (quoting *Twombly*, 550 U.S. at 545).

Rule 12(e), on the other hand, allows a party to move for a more definite statement when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Like Rule 12(b)(6), Rule 12(e) must be read in conjunction with Rule 8, which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8. Thus, "courts have held that '[t]he class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small—the pleading must be sufficiently unintelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed." *Pozarlik v. Camelback Assocs., Inc.*, Civ. No. 11-cv-1349, 2011 WL 6003841, *2 (M.D. Pa. Nov. 30, 2011) (quoting *Lapcevic v. Strive Enters., Inc.*, Civ. No. 09-cv-0564, 2010 WL 1816752 (W.D. Pa. Apr. 8, 2010)) (quoting *Sun Co., Inc. (R & M) v. Badger Design & Constructors*, 939 F. Supp. 365, 368 (E.D. Pa. 1996)). "The basis for granting such a motion is unintelligibility, not lack of detail." *Cobb v. Nye*, Civ. No. 14-cv-0865, 2014 WL 7067578, *5 (M.D. Pa. Dec. 12, 2014) (quoting *Wood & Locker, Inc. v. Doran & Assocs.*, 708 F. Supp. 684, 691 (W.D. Pa. 1989)). Accordingly, the court should grant a Rule 12(e) motion only when the pleading is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to itself." *Sun Co., Inc.*, 939 F.Supp. at 368.

**III.     Discussion**

As a federal court sitting in diversity, the court will apply the laws of the forum state. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938). In Pennsylvania, "[w]rongful death and survival actions are not substantive causes of

action; rather, they provide a vehicle through which plaintiffs can recover for unlawful conduct that results in death." *Williams v. City of Scranton*, Civ. No. 3:10-cv-388, 2013 WL 1339027, *13 n.7 (M.D. Pa. Apr. 1, 2013) (quoting *Sullivan v. Warminster Twp.*, 765 F. Supp. 2d 687, 707 (E.D. Pa. 2011)).

In this wrongful death and survival action, Plaintiff asserts that Defendants' negligent and reckless conduct resulted in her husband's death and seeks both compensatory damages and "other items of recovery as permitted by [l]aw." (*See* Doc. 19, ¶¶ 24, 29, 32.) Ingram Micro anticipates that the other recovery Plaintiff seeks may be a claim for punitive damages based on her allegations of reckless conduct, and argues in its instant motion that Plaintiff has failed to allege sufficient facts in her complaint to demonstrate reckless conduct, and, therefore, the court should dismiss Plaintiff's recklessness claim. (Doc. 26, p. 2 of 5.) Specifically, Ingram Micro argues that the allegations set forth in the complaint fail to demonstrate that any conduct of Defendants rose to a level that could be considered reckless, but rather merely support a claim for negligence. (Doc. 26, p. 4 of 5.) In the alternative, Ingram Micro contends that Plaintiff's complaint should be dismissed without prejudice with leave to be re-filed with a more definite statement of facts showing reckless conduct. (*Id*. at p. 5 of 5.) Because the court finds that Plaintiff has sufficiently pleaded her claim of recklessness, it need not address Ingram Micro's second argument.

As stated above, Rules 8(a) and 12(b)(6), in conjunction, impose on Plaintiff the burden to plead enough facts to create a reasonable expectation that discovery will reveal evidence of the elements of Plaintiff's claim. *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 545). To support a claim for punitive

damages, a plaintiff must show that "the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct." *Hutchinson v. Luddy*, 870 A.2d 766, 770 (Pa. 2005).  In Pennsylvania, reckless indifference is sufficient to support a claim for punitive damages, and occurs when an "'actor knows, or has reason to know, ... of facts which create a high degree of risk of physical harm to another, and deliberately proceeds to act, or to fail to act, in conscious disregard of, or indifference to, that risk.'" *Arias v. Decker Transp.*, Civ. No. 3:06-cv-638, 2008 WL 450435, *3 (M.D. Pa. Feb. 14, 2008) (quoting *SHV Coal v. Cont'l Grain Co.*, 587 A.2d 702, 704 (Pa. 1991) (citation omitted).  Because the actor must appreciate the risk of harm to another, a showing of mere negligence, or even gross negligence, will not suffice to support an award of punitive damages. *Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005).

In her complaint, Plaintiff alleged that Smith was a business invitee of Ingram Micro, and Ingram Micro permitted a dangerous condition to exist on its premises. (*Id*. at ¶¶ 12, 16.)  A possessor of land is liable for physical harm to its invitees caused by a condition on the land if the possessor:

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger.

*Canton v. Kmart Corp.*, 470 F. App'x 79, 83 (3d Cir. 2012) (citing Restatement (Second) of Torts § 343 (1965)).  In the slip and fall context, a plaintiff can show that the possessor had constructive notice of the dangerous condition by demonstrating that the condition existed for such a length of time that the possessor,

9

in the exercise of ordinary care, should have been aware of the condition. *See David v. Pueblo Supermarket of St. Thomas*, 740 F.2d 230, 236 (3d Cir. 1984).

Here, Plaintiff has alleged that, although Ingram Micro had contractually retained Schoener and Merit Service to "begin de-icing [its Jonestown premises] immediately after any ground cover of ice had formed" and to keep conditions "as close to bare blacktop as possible," the patch of ice upon which Smith slipped was left unattended for such a long period of time that it became "a large patch of ice, several inches thick and uneven." (*Id*. at ¶¶ 24a, c, f, h.) Plaintiff further alleged that Defendants knew that tractor trailer operators would regularly walk to adjacent loading docks to see if their trailers were finished being unloaded, and that the patch of ice upon which Smith slipped and fell was in the area between the loading dock where his trailer was being unloaded and the adjacent loading dock. (Doc. 19, ¶¶ 24a-b.) Although Ingram Micro argues that these allegations support, at most, a claim for negligence, the motion to dismiss stage is not the appropriate time to differentiate between negligent and reckless conduct. As the court has previously held:

> [C]laims sounding in negligence can qualify for punitive damages if the conduct engaged in is outrageous enough. Although the facts may later prove at most that [D]efendants were merely negligent, discovery is necessary to help make this determination. Dismissing [P]laintiff['s] punitive damages claim now at the pleading stage would be premature.

*Young v. Westfall*, Civ. No. 06-cv-2325, 2007 WL 675182, *2 (M.D. Pa. Mar. 1, 2007); *see also Hutchison*, 870 A.2d at 770. Accordingly, the court finds that Plaintiff has pleaded sufficient facts to support her claim for recklessness. Discovery may uncover that Defendants actually knew about, or were on

constructive notice of, the patch of ice due to the amount of time that would need to pass in order for the patch to become several inches thick, and that Defendants both knew of and were indifferent to the unreasonable risk of harm that a large ice patch would pose to invitees.  Therefore, the court concludes that Plaintiff may have a cognizable claim for recklessness against Defendants, and will deny Ingram Micro's motion in this regard.

### IV.      Conclusion

In conclusion, the court finds that Plaintiff has sufficiently supported her allegations that Defendants acted recklessly and that such recklessness leaves open the possibility of recovery of punitive damages in a survival action.  Therefore, the court will deny Ingram Micro's motion to dismiss Plaintiff's claim for recklessness pursuant to Federal Rule of Civil Procedure 12(b)(6).  Because the court has found that Plaintiff's complaint alleges sufficient facts to support her allegations of reckless conduct, the court will likewise deny Defendants' motion insofar as it seeks to have Plaintiff provide a more definite statement of the facts supporting such reckless conduct pursuant to Rule 12(e).

An appropriate order will issue.

                                                s/Sylvia H. Rambo
                                                United States District Judge

Dated: December 1, 2015.